ACCEPTED
01-15-00042-cr
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/22/2015 1:51:02 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00042-CR

IN THE COURT OF APPEALS
**FOR THE FIRST SUPREME JUDICIAL DISTRICT**
OF TEXAS, AT HOUSTON
**********************************

FILED IN
COURT OF APPEALS
HOUSTON, TEXAS
6/22/2015 1:51:02 PM
CHRISTOPHER A. PRINE
Clerk

**MICHAEL BRENT BROWN**,

*Appellant*,

V.

**THE STATE OF TEXAS**,

*Appellee*,

**********************************

FROM THE DISTRICT COURT OF ORANGE COUNTY
260TH AND 163RD JUDICIAL DISTRICTS, CAUSE NO. B-140,443-R
HONORABLE BUDDIE J. HAHN AND DENNIS POWELL, JUDGES PRESIDING

**********************************

# A P P E L L A N T ' S   B R I E F

**********************************
Submitted by:

## CHRISTINE R. BROWN-ZETO
Attorney at Law
1107 Green Avenue
Orange, Texas 77630
Telephone:  (409) 886-8558
Telecopier:  (409) 883-6523
State Bar # 03102200
Attorney for Appellant
crbrownzeto@sbcglobal.net

**ORAL ARGUMENT REQUESTED**

No. 01-15-00042-CR

IN THE COURT OF APPEALS
**FOR THE FIRST SUPREME JUDICIAL DISTRICT**
OF TEXAS, AT HOUSTON
**********************************

**MICHAEL BRENT BROWN**,

*Appellant*,

V.

**THE STATE OF TEXAS**,

*Appellee*,

**********************************

FROM THE DISTRICT COURT OF ORANGE COUNTY
260TH AND 163RD JUDICIAL DISTRICTS, CAUSE NO. B-140,443-R
HONORABLE BUDDIE J. HAHN AND DENNIS POWELL, JUDGES PRESIDING

**********************************

# A P P E L L A N T ' S   B R I E F

**********************************
Submitted by:

# CHRISTINE R. BROWN-ZETO

Attorney at Law
1107 Green Avenue
Orange, Texas 77630
Telephone:  (409) 886-8558
Telecopier:  (409) 883-6523
State Bar # 03102200
Attorney for Appellant
crbrownzeto@sbcglobal.net

**ORAL ARGUMENT REQUESTED**

# CERTIFICATE OF PARTIES

In order that members of the Court may determine disqualification or recusal pursuant to TEXAS RULES OF APPELLATE PROCEDURE 131(a), Appellee certifies that the following is a complete list of the parties and persons interested in the outcome:

(a)    MICHAEL BRENT BROWN, Appellant;

(b)    Christine R. Brown-Zeto, counsel for Appellant on appeal;

(c)    WILLIAM MARCUS WILKERSON, counsel for Appellant at trial;

(d)    Krispin Walker, counsel for Appellee at trial; and

(d)    The State of Texas, Appellee.

SIGNED this 22ND day of June, 2015.


/S/ Christine R. Brown-Zeto
**CHRISTINE R. BROWN-ZETO**
Attorney for Appellant

# TABLE OF CONTENTS

Page

CERTIFICATE OF PARTIES                                          i

TABLE OF CONTENTS                                               ii

LIST OF AUTHORITIES                                             iii

REQUEST FOR ORAL ARGUMENT                                       2

STATEMENT OF THE CASE                                           2-5

SUMMARY OF THE PROCEEDINGS                                      5-9

POINTS OF ARGUMENT                                              9

SUMMARY OF THE ARGUMENT                                         9-10

ARGUMENTS AND AUTHORITIES

    POINT 1:   THE APPELLANT WAS NOT GRANTED EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED FOR IN THE 6TH AMENDMENT OF THE U.S. CONSTITUTION.

                                                       10-15

PRAYER                                                         16

CERTIFICATE OF DELIVERY                                        17

CERTIFICATE OF COMPLIANCE                                      18

# LIST OF AUTHORITIES

**Cases**

*Celestine v. Blackburn*, 750 F.2d 353, 356 (5th Cir. 1984)  13

*Mooney v. State*,  817 S.W.2d 693, 697 (Tex. Crim. App. 1991)  10, 11

*Smith v. State*, 894 S.W.2d 876 (Tex. Ct. App. - Amarillo [1995]).  13, 14

*Strickland v. Washington*, 466 U.S. 668 (1984)  10,11,

12,13,

15

*Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992)  13

*Williams v. State,* 798 S.W.2d 368, 370 (Tex. App.--Beaumont 1990)  13

*Winn v. State*, 871 S.W.2d  756 (Tex. App.- Corpus Christi [1993])  12

**Rules and Statutes**

No. 01-15-00042-CR

IN THE COURT OF APPEALS
**FOR THE FIRST SUPREME JUDICIAL DISTRICT**
OF TEXAS, AT HOUSTON
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MICHAEL BRENT BROWN**,

*Appellant*,

V.

**THE STATE OF TEXAS**,

*Appellee*,

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FROM THE DISTRICT COURT OF ORANGE COUNTY
260TH AND 163RD JUDICIAL DISTRICTS, CAUSE NO. B-140,443-R
HONORABLE BUDDIE J. HAHN AND DENNIS POWELL, JUDGES PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# A P P E L L A N T ' S   B R I E F

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE JUDGES OF THE FIRST COURT OF APPEALS:

Appellant, MICHAEL BRENT BROWN, Defendant in Cause Number B-140,443-R in the 260TH District Court and 163RD District Court of Orange County, Texas does respectfully submit this brief to appeal the conviction and sentence entered against him in this matter by the Appellee, THE STATE OF TEXAS. For the

1

purpose of judicial economy Appellant presents this combined brief for both causes of action.

For the Convenience of the Court, reference to the Parties is by "Appellant" and "Appellee."

## REQUEST FOR ORAL ARGUMENT

Appellant requests oral argument in the event that this Court of Appeals feels that oral argument would further aid them in their determination.

## STATEMENT OF THE CASE

Appellant, MICHAEL BRENT BROWN, was charged in Cause number B-140,443-R with the offense of Possession of a Controlled Substance in that, on or about March 18, 2014, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally and knowingly possess a controlled substance, to wit: Amphetamine, in an amount by aggregate weight including adulterants and dilutants, of one gram or more but less than four grams

And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present that prior to the commission of the aforesaid offense by the MICHAEL BRENT BROWN, to wit: on March 13, 1986, in the 163RD District Court of Orange County, Texas, in cause number B-850245 on the docket of said Court, the said MICHAEL BRENT BROWN, under the name of Michael Brent Brown, was duly and legally convicted in said last named court of a felony, to wit: Delivery of a Controlled

Substance, upon an indictment then legally pending in said last named court and of which said court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by the said MICHAEL BRENT BROWN, prior to the commission of the offense hereinbefore charged against him as set forth in the first paragraph hereof;

And the Grand Jurors aforesaid do further present that prior to the commission of the aforesaid offense by the said MICHAEL BRENT BROWN, to wit: September 1, 1977, in the 128TH District Court of Orange County, Texas, in cause number A-9095 on the docket of said court, the said MICHAEL BRENT BROWN, under the name of Michael B. Brown, was duly and legally convicted in the same named court of a felony, to wit: Aggravated Rape, upon an indictment then legally pending in the last named court and of which said court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense by the said MICHAEL BRENT BROWN prior to the commission and conviction of the offense hereinbefore charged against him in the second paragraph hereof, and said conviction set for the in this paragraph was prior to the commission of the offense set forth in the first paragraph hereof

against the peace and dignity of the State.

On September 26, 2014, there was an announcement for the Appellant to announce what he wanted to do in the presentence. (Supp. R.R. I) The case was reset in order for some investigation to be done on an affidavit from a third party who

was claiming possession of the drugs involved in the case. (Supp. R.R. I, pp. 4-5) The parties were reconvened on October 10, 2014 where it was discussed that the charge without enhancements carried a punishment of 2-10 years in prison. (Supp. II, pp. 4-6) With enhancements, the Appellant faced a punishment range of 25-99 years or life in prison for the offense charged. (Supp. II, pp 6-8). There was a plea bargain offer of 5 years imprisonment in TDC offered to the Appellant which he rejected. (Supp. R.R. II, pp. 8-9).

On October 31, 2014, the 260TH District Court heard the Appellant's plea of guilty to the offense of Possession of a Controlled Substance. (R.R. II, pp. 4). The Court additionally took the Appellants pleas of true to the enhancement paragraphs. (R.R. II, pp. 4-5). The Court then admonished the Appellant of the range of punishment being a term of 25 to 99 or life imprisonment. (R.R. II, pp. 6, 8). It was an open plea and reset for a contested sentencing. (R.R. II, pp. 6-7) The court found the Appellant guilty on October 31, 2014 and recessed the matter to get a Presentence Investigation Report from the probation department. (R.R III, pp.8-9).

The punishment phase of the trial then went forward on December 11, 2014. (R.R. III). The Court assessed punishment at life imprisonment in the Texas Department of Criminal Justice-Institutional Division. (R.R. III, pp. 63-64). On December 16, 2014, the Court signed the judgment sentencing the Appellant to life Imprisonment in the Texas Department of Criminal Justice- Institutional Division. (C.R. I, pp. 26-28).

4

A Motion for New Trial was filed on December 16, 2014. (C.R. I, pp.29-31). A hearing was held on the Motion for New Trial on February 10, 2015. (Supp. III). The Court denied the Appellant's Motion for New Trial on February 10, 2015. (C.R. I, pp. 49)..  On December 16, 2014 a Notice of Appeal was filed.  (C.R. I, pp. 32-33). It is from this disposition that Appellant Appeals.

## **SUMMARY OF THE PROCEEDINGS**

Appellant, MICHAEL BRENT BROWN, was charged in Cause number B-140,443-R with the offense of Possession of a Controlled Substance in that, on or about March 18, 2014, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally and knowingly possess a controlled substance, to wit: Amphetamine, in an amount by aggregate weight including adulterants and dilutants, of one gram or more but less than four grams.

And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present that prior to the commission of the aforesaid offense by the MICHAEL BRENT BROWN, to wit: on March 13, 1986, in the 163RD District Court of Orange County, Texas, in cause number B-850245 on the docket of said Court, the said MICHAEL BRENT BROWN, under the name of Michael Brent Brown, was duly and legally convicted in said last named court of a felony, to wit: Delivery of a Controlled Substance, upon an indictment then legally pending in said last named court and of which said court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by the said MICHAEL BRENT BROWN, prior

to the commission of the offense hereinbefore charged against him as set forth in the first paragraph hereof;

And the Grand Jurors aforesaid do further present that prior to the commission of the aforesaid offense by the said MICHAEL BRENT BROWN, to wit: September 1, 1977, in the 128TH District Court of Orange County, Texas, in cause number A-9095 on the docket of said court, the said MICHAEL BRENT BROWN, under the name of Michael B. Brown, was duly and legally convicted in the same named court of a felony, to wit: Aggravated Rape, upon an indictment then legally pending in the last named court and of which said court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense by the said MICHAEL BRENT BROWN prior to the commission and conviction of the offense hereinbefore charged against him in the second paragraph hereof, and said conviction set for the in this paragraph was prior to the commission of the offense set forth in the first paragraph hereof

against the peace and dignity of the State.

On September 26, 2014, there was an announcement for the Appellant to announce what he wanted to do in the presentence. (Supp. R.R. I) The case was reset in order for some investigation to be done on an affidavit from a third party who was claiming possession of the drugs involved in the case. (Supp. R.R. I, pp. 4-5) The parties were reconvened on October 10, 2014 where it was discussed that the charge without enhancements carried a punishment of 2-10 years in prison. (Supp.

6

II, pp. 4-6) With enhancements, the Appellant faced a punishment range of 25-99 years or life in prison for the offense charged. (Supp. II, pp 6-8). There was a plea bargain offer of 5 years imprisonment in TDC offered to the Appellant which he rejected. (Supp. R.R. II, pp. 8-9).

On October 31, 2014, the 260TH District Court heard the Appellant's plea of guilty to the offense of Possession of a Controlled Substance. (R.R. II, pp. 4). The Court additionally took the Appellants pleas of true to the enhancement paragraphs. (R.R. II, pp. 4-5). The Court then admonished the Appellant of the range of punishment being a term of 25 to 99 or life imprisonment. (R.R. II, pp. 6, 8). It was an open plea and reset for a contested sentencing. (R.R. II, pp. 6-7) The court found the Appellant guilty on October 31, 2014l and recessed the matter to get a Presentence Investigation Report from the probation department. (R.R III, pp.8-9).

The punishment phase of the trial then went forward on December 11, 2014. (R.R. III). After much discussion, the Appellant turned down a cap of 60 years in order to be able to have the right to appeal his sentence. (R.R. III, pp. 4-7). There were simply three witnesses to testify at the sentencing phase of the trial. The state introduced different recordings from the jail of phone calls and visits with the Appellant discussing the drugs he was charged with and getting people to take the charges. (R.R. IV, Exhibit 3).

Michael Brent Brown had been on parole for 19 years before this charge had arisen. (R.R. III, pp.16). During his time on parole, Mr. Brown had not failed any

7

urinalysis tests and worked mainly in the plants doing construction. (R.R. III, pp. 16). The Appellant admitted he was selling synthetic marijuana. (R.R. III, pp. 24-25). He supported his girlfriend's drug habit by selling drugs. (R.R. III, pp. 32-33). Mr. Brown was trying to get someone else to admit whose drugs the drugs were because they were not his drugs and the whole thing backfired on him. (R.R. III, pp. 43-44). He just knew he needed statements that the drugs were someone else's drugs. (R.R. III, pp. 47).

Essie Bellfield had known Mr. Brown since he was a little boy. (R.R. III, pp. 49). He was helping her around the house picking up things and with her decorations. (R.R. III, pp. 49-50). There were things for Michael Brown to do at the church. (R.R. III, pp. 50). Mr. Brown could have been an asset to the community if he was given an opportunity to be placed on probation. (R.R. III, pp. 51-52).

The state argued for a harsh sentence on the upper range of the scale. (R.R. III, pp. 56). The Appellant's counsel incorrectly argued that the adulterants and dilutants in the drugs should bring the offense down to a state jail offense. (R.R. III, pp. 56-57). The Court let counsel know that this argument made no sense. (R.R. III, pp. 58).

The Court assessed punishment at life imprisonment in the Texas Department of Criminal Justice- Institutional Division. (R.R. III, pp. 63-64). On December 16, 2014, the Court signed the judgment sentencing the Appellant to life Imprisonment

in the Texas Department of Criminal Justice- Institutional Division. (C.R. I, pp. 26-28).

A Motion for New Trial was filed on December 16, 2014. (C.R. I, pp.29-31). A hearing was held on the Motion for New Trial on February 10, 2015. (Supp. III). The Appellant had been given the advice by counsel prior to his plea that he could argue adulterants and dilutants at sentencing to bring the range of punishment down to a state jail. (Supp. R.R. III, pp. 6-8). If he had not believed he could make this argument, he would not have pled guilty. (Supp. R.R. III, pp. 8).

The Court denied the Appellant's Motion for New Trial on February 10, 2015. (C.R. I, pp. 49).. On December 16, 2014 a Notice of Appeal was filed. (C.R. I, pp. 32-33). It is from this disposition that Appellant Appeals.

# POINTS OF ARGUMENT

**POINT 1:** **THE APPELLANT WAS NOT GRANTED EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED FOR IN THE 6TH AMENDMENT OF THE U.S. CONSTITUTION.**

# SUMMARY OF THE ARGUMENT

Appellant complains of one thing upon appeal. The Appellant was granted ineffective assistance of counsel. In this case trial counsel had his client to plea to a case involving a range of punishment of 25 to 99 or life. But the Appellant was given the idea if he did that his lawyer could get the range of punishment changed by arguing the issue of adulterants and dilutants. It was obvious from the record that

9

Counsel thought he could do this and that the Appellant thought he could do this. He would not have pled if he had not thought this was a possibility. He was given bad advice plain and simple. He had a right to effective assistance of counsel and did not get it in this matter.

## ARGUMENT AND AUTHORITIES

POINT 1: **THE APPELLANT WAS NOT GRANTED EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED FOR IN THE 6TH AMENDMENT OF THE U.S. CONSTITUTION.**

Appellant would show the Court that Appellant did not have effective assistance of counsel at trial as is provided for in the 6th Amendment of the U.S. Constitution. Appellant retained William Marcus Wilkerson Campbell as his attorney in September of 2014. (C.R. I, pp. 8). Mr. William Marcus Wilkerson represented Mr. Brown throughout the trial. (RR. II-III). It was on appeal that present counsel took over. (C.R. p. 4; R.R. III, pp. 65; R.R. Supp. R.R. III).

The standard for reviewing a claim of ineffectiveness of counsel was set out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The Court stated the Appellant must prove: (1) that counsel's performance was deficient; and (2) that this deficient performance prejudiced his defense. (466 U.S. at 687 [1984]).

To meet the first prong of the test in *Strickland*, the Appellant must show that there was a deficiency in the counsel's performance. In *Mooney v. State*, the Court of Criminal Appeals required the appellant's allegation to demonstrate how counsel

10

erred. 817 S.W.2d 693, 697 (Tex. Crim. App. 1991). In *Mooney*, the Court found the appellant had not demonstrated in what ways counsel had erred in preparation, presentation, and investigation. *id*. at 697.

On October 31, 2014, the Court heard the Appellant's plea of guilty to the offense of Possession of a Controlled Substance and true to the two enhancement allegations before recessing the matter for a contested sentencing. (R.R. II, pp. 4-6). The sentencing phase of the trial commenced on December 11, 2014. (R.R. III).

To meet the first prong of the test in *Strickland*, the Appellant must show that there was a deficiency in the counsel's performance. In *Mooney v. State*, the Court of Criminal Appeals required the appellant's allegation to demonstrate how counsel erred. 817 S.W.2d 693, 697 (Tex. Crim. App. 1991). In *Mooney*, the Court found the appellant's allegation hadn't demonstrated in what ways counsel had erred in preparation, presentation, and investigation. *id*. at 697.

A reasonably prudent attorney would have learned the range of punishment and the law on how to argue that range of punishment. Obviously, William Marcus Wilkerson thought he could argue for a state jail punishment on a 25 to 99 or life imprisonment case. (R.R. III, pp. 56-58). Even the court told counsel if that was true then he is not guilty of what he pled to. (R.R. III, pp.57). This is what the Appellant expected that he could do if he pled guilty. (Supp. R.R. III, pp. 6-7). This was the advice he obtained from counsel. It is undisputable. He was told they could argue that the weight of the drugs was from fillers which could bring the offense down to

11

a state jail offense. (Supp. R.R. III, pp. 6-7). If he had not thought he had a chance to try and reduce the sentence he would not have pled guilty. (Supp. R.R. III, pp. 8).

This is definitely harmful error and should be reversible. Mr. William Marcus Wilkerson should have properly prepared and known the law on the issue of sentencing during this case. Mr. Brown would have been entitled to a new trial with someone who is properly prepared to advise him on the law in this the matter so he can make a knowing and voluntary entering of any decision he makes.  In **Winn v. State**, the Court of Appeals determined that counsel was ineffective for failing to procure expert medical testimony that was consistent with the defense theory of suicide.  871 S.W.2d  756 (Tex. App.- Corpus Christi [1993]).

The facts are simple here.  All defendants are entitled to be given competent advice by counsel who know the law on a subject they have investigated and prepared their case for trial. This didn't occur in this case. Counsel was not prepared on the issue of sentencing and in fact gave the Appellant inaccurate advice on the law to get him to plead guilty. The case was set for a jury trial and the Appellant had wanted a jury trial up until this point.  But thinking he could get a chance to reduce his sentence by arguing adulterants and dilutants at sentencing, he pled guilty. (Supp. R.R. III, pp. 6-8).  He was informed that if this occurred, he would be looking at a state jail felony. (Supp. R.R. III, pp. 8-9).

When he realized he advised the Appellant incorrectly, there is nothing in the record that shows that he attempted to stop the proceedings and make the court

12

aware of the situation. (Supp. R.R. III). If the Appellant had been allowed the opportunity to withdraw his plea at this time due to the incorrect advice, this could have been avoided. But that didn't occur. It is clear that the Court thought Counsel was making an absurd argument. (R.R. III, pp. 56-58). Counsel should have attempted to fix his error. Instead it just got worse and the Appellant ended up with a life sentence. It couldn't get much worse. Counsel's failure to properly advise the Appellant on  this matter greatly hindered the Appellant taking away the real voluntary nature of his plea in this matter and this led to harmful error and was such deficient performance as to meet the first prong set forth in *Strickland*.

In the years since the *Strickland* decision, Texas courts have defined the scope of the definition in *Strickland*.  This Court in *Williams v. State* stated that the Appellant is required to show that but for counsel's performance, the result would have been different.  798 S.W.2d 368, 370 (Tex. App.--Beaumont 1990) citing *Strickland*, 466 U.S. at 687 (1984).  In addition the Fifth Circuit stated an appellant cannot "simply allege but must 'affirmatively prove' prejudice."  *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) citing *Celestine v. Blackburn*, 750 F.2d 353, 356 (5th Cir. 1984).

Any defendant is entitled to a defense put on that is adequately investigated and presented.  This notion is basic to the notion that defendant is entitled to a fair trial.   More and more courts are finding ineffective assistance of counsel where there is a clear lack of preparation or investigation.  The Court in *Smith v. State*,

found ineffective assistance of counsel where counsel failed to interview or present witnesses to the events resulting in the charges. 894 S.W.2d 876 (Tex. Ct. App. - Amarillo [1995]). The Appellant's case was not properly presented. Mr. William Marcus Wilkerson did not properly advise the Appellant of the law on sentencing so that he could make his decision on which way to proceed knowingly. This made his plea involuntary. The State should not benefit from the ineffective counsel the Appellant was given.

The sentencing facing the Appellant in this matter was 25 -99 or life imprisonment. There was no way around that. For counsel to lead the Appellant into thinking he could get the punishment range down from this range is just ineffective. It rises to the level of making the Appellant's plea involuntary. He went into the plea thinking that even though the Court told him the range of punishment, his counsel, who is supposed to be able to rely on, is telling him, we can argue for lesser time so plea. And that is wrong advice. It is obvious by the tongue lashing given to the defense counsel by the Court during sentencing. This is what Counsel was attempting to do. He couldn't have been more wrong and advised the Appellant more incorrectly. Because of this, the Appellant did not understand the consequences of his plea. And there is no doubt that the Appellant had ineffective representation. The Appellant has made his prima facie showing that he did not understand the consequences of his plea.

14

There is a reasonable probability that, but for this omission, the result would have been different as provided for in *Strickland*.  446 U.S. 668, 687 (1984).  This omission prejudiced the Appellant. This matter should be sent back for a complete new trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that the Honorable First Court of Appeals reverse the decision of the 260TH and 163RD Judicial District Courts of Orange County and order that the sentence be vacated and a new trial be granted.

Respectfully submitted,

/s/ Christine R. Brown-Zeto

**CHRISTINE R. BROWN-ZETO**
Attorney at Law
1107 Green Avenue
Orange, Texas 77630
Telephone: (409) 886-8558
Telecopier: (409) 883-6523
State Bar # 03102200
Attorney for Appellant
crbrownzeto@sbcglobal.net

## CERTIFICATE OF DELIVERY

This is to certify that a true and correct copy of the above and foregoing "Appellant's Brief" was this day hand delivered, mailed postage pre-paid or transmitted via telecopier (fax) to Krispin Walker, Orange District Attorney's Office, Orange County Courthouse, 801 Division St., Orange, Texas 77630, Attorney of record for Appellee.

SIGNED this 22ND day of June, 2015.

/s/ Christine R. Brown-Zeto
**CHRISTINE R. BROWN-ZETO**

## CERTIFICATE OF DELIVERY

This is to certify that a true and correct copy of the above and foregoing "Appellant's Brief" was this day hand delivered, mailed postage pre-paid or transmitted via telecopier (fax) to MICHAEL BRENT BROWN., # 1978080, Hospital Galveston, P.O. Box 48, Substation #1, Galveston, TX 77555, Appellant in the above referenced cause.

SIGNED this 22ND day of June, 2015.

/s/ Christine R. Brown-Zeto
**CHRISTINE R. BROWN-ZETO**

# CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Appellate Rule 9.4 in that it is does not exceed the maximum allowance of words allowed.  The number of words in this document are 4333.

SIGNED this 22<u>ND</u> day of <u>June</u>, <u>2015</u>.

<u>/s/ Christine R. Brown-Zeto</u>
**CHRISTINE R. BROWN-ZETO**